[Civ. No. 3523. Second Appellate District, Division One.—June 9, 1921.]

## THE COLLEGE OF OSTEOPATHIC PHYSICIANS AND SURGEONS OF LOS ANGELES (a Corporation), Respondent, v. BOARD OF MEDICAL EXAMINERS, Appellant.

[1] State·Medical Practice Act—Action to Compel Approval of School—Quality of Course of Instruction—Competent Evidence.—In an action, brought in accordance with section 10½ of the State Medical Practice Act, to compel the board of medical examiners to approve the plaintiff as a school whose graduates are entitled to examination before the board for physician and surgeon certificates, and to admit the graduates thereof to examination for those certificates, evidence of the quality of the course of instruction given by plaintiff to its students, and of defects in the equipment and methods of instruction in plaintiff's school, is competent for the purpose of determining whether or not plaintiff is complying with the requirements of section 10 of the said act, and such evidence should be received.

[2] Findings—Power of Appellate Court to Make or Change—Consideration of Rejected Evidence.—Where evidence proffered by the defendant is admitted in form but rejected in fact, and the findings of fact and judgment are in favor of the plaintiff, the appellate court, upon determining that such evidence was erroneously rejected, cannot give consideration to such evidence and direct final judgment in accordance therewith. Courts of appeal are not authorized to make or change findings of fact.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry A. Encell, Frank M. Smith and Charles D. Ballard for Appellant.

Jennings & Belcher for Respondent.

CONREY, P. J.—Section 10 of the State Medical Practice Act (as amended, Stats. 1917, p. 99), provides that applicants for a physician and surgeon certificate, as defined in that act, shall file satisfactory evidence of having pur-

sued, in any legally chartered school or schools approved by the board of medical examiners, a course of instruction covering and including certain prescribed minimum requirements. Section 10½ (Stats. 1919, p. 1299) provides: "Board must approve schools meeting requirements. Action in event of disapproval. The board must approve every school which shall comply with the requirements of section ten of this act and must admit to the examination every applicant who shall comply with the requirements of sections nine and ten of this act. Nothing in this act shall prohibit the Board from considering the quality of the course of instruction outlined in section ten hereof. If any school should be disapproved by the board or any applicant for examination rejected by it, then such school so disapproved or such applicant so rejected may commence an action in the superior court against said board to compel the board to approve such school or to admit such applicant to examination or for any other appropriate relief. In any such action, the court shall have full power to investigate and decide all facts anew without regard to any previous determination of the board thereon. . . . " This is an action brought in accordance with section 10½, to compel the board of medical examiners to approve the plaintiff as a school whose graduates are entitled to examination before the board for physician and surgeon certificates, and to admit the graduates thereof to examination for those certificates. Judgment was entered in favor of the plaintiff. Defendant appeals from that judgment.

For more than four years prior to October, 1919, the students graduated by the plaintiff were regularly admitted by the defendant to examinations for physician and surgeon certificates. On the twenty-seventh day of October, 1919, the board of medical examiners disapproved the college of plaintiff as an institution qualifying applicants for examination for such certificates. A few days later this action was commenced in the superior court. At the trial, evidence was introduced tending to prove, and it was found by the court, that said college at all times complied with the provisions of section 10 of the State Medical Practice Act.

[1] The principal claim of error asserted by appellant is based upon the contention that the court refused to con-

sider the quality of the course of instruction given by the plaintiff to its students, and rejected the evidence offered by appellant for the purpose of showing defects in the equipment and methods of instruction of respondent's school. We agree that appellant was entitled to introduce that evidence as a part of the evidence by which the court would determine whether or not respondent was complying with the requirements of section 10. Section 10½ does not state the purpose for which evidence of the quality of the course of instruction shall be considered, but that purpose is plain enough without direct definition. It can be noth ing less than that the facts relating to the quality of such course of instruction may be considered for the purpose of determining whether or not the college applying for recognition is actually and in good faith a college giving instruction upon the subjects defined in section 10, and complying with the minimum requirements thereof. Since it is provided by section 10½ that in any such action as the present "the court shall have full power to investigate and decide all facts anew without regard to any previous determination of the Board thereon," it follows that the court should receive and consider the evidence of such facts in like manner and for the same purpose as the board of medical examiners is permitted to receive and consider evidence of the same character. Therefore, we are of the opinion that if the court did reject the offered evidence, such rejection constituted error which would require a reversal of the judgment.

But the evidence was not rejected. When appellant proposed to present the testimony of certain witnesses relating to the adequacy of the facilities of the college and the quality of the instruction it was able to give under existing conditions the court suggested that for the purposes of a record on appeal "we might permit you to place in the record all your evidence that you have prepared, with the understanding that this court has disregarded it and considered it as rejected; but, if the higher appellate reviewing court shall conclude that that rejection was error, you might have your case in a position to get a final decision from them, including the consideration of the rejected testimony. . . . For that purpose alone I will overrule the objection and permit you to put on the testimony which

you have prepared; subsequently grant a motion to strike it out in such a- way that it may be available to a reviewing court, in case they hold it is material.'' Counsel for appellant: ''With that understanding, then, we will offer the testimony.'' The court: ''With that understanding you may go ahead and take the evidence.'' Counsel for appellant: ''At this point the objection is overruled, is it?'' The court: ''Only in the manner I have indicated. I think that my statement makes it very clear what the ruling is.''

[2] If the court had subsequently adhered to its decision as above stated, we think the effect would have been that although the evidence was introduced in form, it was rejected in fact. The court was in error in its assumption that this would have enabled a higher court to act upon the evidence if it found that the evidence had been erroneously rejected. Findings of fact are made only by the trial court. Under our practice the courts of appeal are not authorized to make or change findings of fact.

But the matter does not end there. After the defendant had rested, and after the plaintiff had introduced evidence in rebuttal, counsel for, appellant inquired concerning the court's ruling ''in respect to section 10½.'' The court replied: ''I am afraid if it takes the course of a formal order of removing it by striking it out, it will preclude any reviewing court from considering it at all. The safer plan is to overrule the objection, and deny the motion to strike out and leave it in the record, together with the evidence, if there be by counsel considered any in rebuttal, *and let the reviewing court consider whether or not there was error in the admission of it* rather than error in the rejection. It amounts to very little one way or the other, having heard it now. The testimony has not taken the lines that I rather anticipated it would when the ruling was first made, and such evidence as has been introduced, perhaps had better be allowed to remain—especially in view of the fact that the complaint and the answer will necessitate findings which will cover the points involved just as absolutely as any order made to strike out, or to refuse to strike out that evidence would cover. What I want to accomplish, if possible, is to get your matter finally determined on one review rather than on some side issue such as striking out a bit of evidence.''

It thus appears that the court, contrary to its first intention, refused to strike out the evidence in question; and the evidence, having been thus accepted, comes to us as a part of the evidence received and considered by the court in making its findings of fact. We hold that the evidence was properly received, since the rejection thereof would have been erroneous. Since the evidence is conflicting and the court has made a finding that respondent at all times complied with the provisions of section 10 of the State Medical Practice Act, we are bound by that decision.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 7, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 8, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.